UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BROCK WILLIAMS and SYLVIA WILLIAMS,<br><br>              Plaintiffs,<br><br>       v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>              Defendants. | Case No. 15-CV-00792-LHK<br><br>**ORDER DENYING MOTION TO REMAND, AND TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE** |

    Plaintiffs Brock Williams and Sylvia Williams ("Plaintiffs") have brought suit to quiet title against defendants Bank of America, N.A. ("BANA"), and U.S. Bank National Association, as Trustee for Resident Accredit Loans Inc. Series 2006 QS2 ("U.S. Bank") (collectively, "Defendants"). Before the Court are BANA's Motion to Dismiss (ECF No. 8) and Plaintiffs' Motion to Remand (ECF No. 16). The Court finds Plaintiffs' Motion to Remand suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and hereby VACATES the hearing on that motion set for July 16, 2015, at 1:30 p.m. The hearing on BANA's Motion to Dismiss and the initial case management conference, also scheduled for July 16, 2015, at 1:30 p.m., remain as set. Having considered the parties' submissions, the relevant law, and the record

Case No. 15-CV-00792-LHK
ORDER DENYING MOTION TO REMAND, AND TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE

1  in this case, the Court hereby DENIES Plaintiffs' Motion to Remand, and ORDERS Plaintiffs to
2  show cause why this case should not be dismissed for failure to prosecute.

## I. BACKGROUND

### A. Factual Background

On or about December 15, 2005, Plaintiffs purchased the real property located at 940 College Drive, San Jose, California 95128 (the "Property"), via a grant deed recorded against the Property on January 4, 2006, as instrument number 18754844. ECF No. 1-1 ("Compl.") ¶¶ 1-2, Ex. A. The purchase was financed by a first deed of trust (the "First Deed of Trust") and a second deed of trust recorded in favor of American Mortgage Express Corp. ECF No. 9-1, Exs. 1-2. The second deed of trust was reconveyed on November 21, 2006. *Id.* Ex. 3.

On November 6, 2006, Plaintiffs refinanced the Property, obtaining a home equity line of credit from BANA in the amount of $200,000 (the "Loan"). Compl. ¶ 3, Ex. B. The Loan was secured by a deed of trust (the "Loan Deed of Trust") recorded against the Property in the Official Records of the Santa Clara County Recorder's Office on September 16, 2008, as instrument number 19989695. *Id.* On December 2, 2011, Mortgage Electronic Registration Systems, Inc. assigned the beneficial interest under the First Deed of Trust to U.S. Bank, as evidenced by an Assignment of Deed of Trust (the "Assignment") recorded in the Official Records of Santa Clara County on December 12, 2011, as instrument number 21454357. *Id.* ¶ 4, Ex. C.

Non-judicial foreclosure proceedings commenced on December 28, 2011, when U.S. Bank issued a Notice of Default and Election to Sell and recorded it in the Official Records of Santa Clara County on December 30, 2011, as instrument number 21481333. ECF No. 9-1, Ex. 4. This Notice of Default was rescinded on November 24, 2014. *Id.* Ex. 5.

On November 13, 2014, a subsequent Notice of Default and Election to Sell Under Deed of Trust (the "NOD") was recorded by U.S. Bank in the Official Records of Santa Clara County, as instrument number 22767063. ECF No. 9-1, Ex. 6. The NOD lists the amount due under the First Deed of Trust as $151,852.86 as of September 22, 2014. *Id.*

2

Case No. 15-CV-00792-LHK
ORDER DENYING MOTION TO REMAND, AND TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE

**B. Procedural History**

On January 14, 2015, Plaintiffs, who are represented by counsel, filed an action against Defendants to quiet title in Santa Clara County Superior Court. Plaintiffs are seeking to clear title from two documents Plaintiffs allege were wrongfully recorded: the Loan Deed of Trust and the Assignment. Compl. ¶¶ 9, 11. Plaintiffs allege further that the Loan Deed of Trust and the Assignment are forgeries. *Id.* ¶ 10. On January 21, 2015, Plaintiffs served BANA with copies of the Summons and Complaint. ECF No. 1 at 1.[1]

On February 20, 2015, BANA removed the instant lawsuit to federal court. ECF No. 1. The sole basis for federal subject matter jurisdiction asserted in BANA's Notice of Removal was diversity of citizenship under 28 U.S.C. § 1332. *Id.* at 2-4.

On February 27, 2015, BANA filed a Motion to Dismiss, arguing that Plaintiffs' Complaint should be dismissed for failure to state a claim. ECF No. 8. Pursuant to Civil Local Rule 7-3(a), Plaintiffs' Opposition to the Motion to Dismiss was due on March 13, 2015. On March 19, 2015, BANA filed a Reply indicating that "BANA has not received any opposition to the Motion to Dismiss." ECF No. 15 at 1. As of today, April 24, 2015, Plaintiffs have not filed an Opposition or Statement of Nonopposition to BANA's Motion to Dismiss.

However, on March 20, 2015, Plaintiffs, still represented by counsel, filed a Motion to Remand the instant lawsuit to state court. ECF No. 16 ("Mot."). BANA opposed the motion on April 3, 2015. ECF No. 18. The deadline for Plaintiffs to reply was April 10, 2015. They have not done so.

**II.   LEGAL STANDARD**

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed

---

[1] It is not clear to the Court whether U.S. Bank has been served with the instant lawsuit. *See* ECF No. 1 at 2 (BANA's notice of removal stating that "BANA is unaware of whether Plaintiffs have served U.S. Bank with the Summons and Complaint").

3
Case No. 15-CV-00792-LHK
ORDER DENYING MOTION TO REMAND, AND TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE

in federal court may be removed to federal court by the defendant."). "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

## III.   DISCUSSION

### A. Motion to Remand

Plaintiffs' Motion to Remand is frivolous. Even though the sole basis for federal subject matter jurisdiction asserted in BANA's Notice of Removal is diversity of citizenship, *see* ECF No. 1 at 2-4, Plaintiffs inexplicably claim that "[d]iversity jurisdiction is not alleged," Mot. at 4.

To the contrary, BANA's Notice of Removal establishes that this Court has diversity jurisdiction over Plaintiffs' quiet title action because there is complete diversity among the parties and the amount in controversy exceeds $75,000. *See* ECF No. 1 at 2-4; *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000. Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold.").

First, Plaintiffs are, and at all relevant times have been, residents and citizens of California. Compl. ¶ 1; *see also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) ("In order

to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State."). BANA, a North Carolina corporation whose main office is in Charlotte, is a citizen of North Carolina for purposes of diversity jurisdiction. ECF No. 1 at 2-3; *see also Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) (explaining that a "national bank" under 28 U.S.C. § 1348 is a citizen of "the State designated in its articles of association as its main office"). U.S. Bank, a Delaware corporation whose main office is in Cincinnati, Ohio, is a citizen of Ohio for purposes of diversity jurisdiction. ECF No. 1 at 3; *see also Wachovia*, 546 U.S. at 318. As the instant case involves a suit brought by citizens of California (Plaintiffs) against citizens of North Carolina (BANA) and Ohio (U.S. Bank), there is complete diversity among the parties. Plaintiffs do not argue otherwise. *See generally* Mot. at 1-9.

Second, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (per curiam) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). In an action to quiet title, "the object in litigation is the Property." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011); *see also Graham v. U.S. Bank, N.A.*, No. 13-CV-01613 NC, 2013 WL 2285184, at *3 (N.D. Cal. May 23, 2013) ("In an action to enjoin a foreclosure or quiet title, the object of the litigation is the real estate itself. . . . Therefore the property is the object of the litigation and determines the amount in controversy." (citations omitted)). Here, there is no dispute that Plaintiffs obtained the Loan from BANA in the amount of $200,000, which was secured by the Loan Deed of Trust recorded against the Property. Compl. ¶ 3, Ex. B. "Although it is possible that a [$200,000] loan might be secured by a property worth less than $75,000—secured, that is, by pennies on the dollar—such an arrangement is highly unlikely." *Mora v. U.S. Bank N.A.*, No. 11-6598 SC, 2012 WL 879248, at *3 (N.D. Cal. Mar. 15, 2012). Accordingly, the Court finds that BANA has shown by a

5

preponderance of the evidence that the Property was worth in excess of $75,000 at the time of removal. *See, e.g.*, *Suelen v. Wells Fargo Bank, N.A.*, No. C-13-002 MEJ, 2013 WL 1320697, at *2 (N.D. Cal. Apr. 1, 2013) (finding amount in controversy requirement satisfied in "quiet title" action where "the value of [plaintiff's] loan is $264,000"). Once again, Plaintiffs do not argue otherwise. *See generally* Mot. at 1-9.

As the Court concludes that the requirements for diversity jurisdiction have been satisfied, the Court DENIES Plaintiffs' Motion to Remand.[2]

### B. Order to Show Cause

In light of Plaintiffs' failure to file an Opposition or Statement of Nonopposition to BANA's Motion to Dismiss by the March 13, 2015 deadline, as well as Plaintiffs' failure to file a Reply in support of their Motion to Remand, the Court hereby ORDERS Plaintiffs to show cause why this case should not be dismissed for failure to prosecute. This Order to Show Cause does not authorize Plaintiffs to file an untimely Opposition to BANA's Motion to Dismiss. Plaintiffs have until May 8, 2015, to file a written response not to exceed ten (10) pages in length to this Order to Show Cause. A hearing on this Order to Show Cause is hereby set for May 21, 2015, at 1:30 p.m. Plaintiffs' failure to respond to this Order and to appear at the hearing on May 21, 2015, will result in dismissal of this action with prejudice for failure to prosecute.

As indicated above, the hearing on BANA's Motion to Dismiss and the initial case management conference scheduled for July 16, 2015, at 1:30 p.m. remain as set.

## IV. CONCLUSION

For the foregoing reasons, Court hereby DENIES Plaintiffs' Motion to Remand. The Court also ORDERS Plaintiffs to show cause why this case should not be dismissed for failure to

---

[2] The Court also DENIES Plaintiffs' perfunctory request for fees and costs under 28 U.S.C. § 1447(c). Mot. at 8. Since the Court has subject matter jurisdiction over this lawsuit, an objectively reasonable basis for removal clearly existed. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (explaining that "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal").

prosecute.

**IT IS SO ORDERED.**

Dated: April 24, 2015

_____
LUCY H. KOH
United States District Judge

7

Case No. 15-CV-00792-LHK
ORDER DENYING MOTION TO REMAND, AND TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE