1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

BROCK WILLIAMS and SYLVIA
WILLIAMS,

        Plaintiffs,

    v.

BANK OF AMERICA, N.A., et al.,

        Defendants.

Case No. 15-CV-00792-LHK

**ORDER VACATING HEARING ON
ORDER TO SHOW CAUSE,
GRANTING MOTION TO DISMISS
WITH LEAVE TO AMEND, AND
DENYING REQUESTS FOR
RECONSIDERATION**

## I.    BACKGROUND

On January 14, 2015, Plaintiffs Brock Williams and Sylvia Williams ("Plaintiffs"), with

the assistance of counsel, brought suit in Santa Clara County Superior Court to quiet title against

defendants Bank of America, N.A. ("BANA"), and U.S. Bank National Association, as Trustee for

Resident Accredit Loans Inc. Series 2006 QS2 ("U.S. Bank") (collectively, "Defendants").  ECF

No. 1-1.  On February 20, 2015, BANA removed the instant lawsuit to federal court.  ECF No. 1.

The sole basis for federal subject matter jurisdiction asserted in BANA's Notice of Removal was

diversity of citizenship under 28 U.S.C. § 1332.  *Id.* at 2-4.  With respect to U.S. Bank, the Notice

of Removal stated:

1

BANA is unaware of whether Plaintiffs have served U.S. Bank with the Summons and Complaint.  While BANA has not yet been able to communicate with U.S. Bank or its counsel to obtain its consent to removal, BANA anticipates that U.S. Bank will have no opposition to the removal.

*Id.* at 2.

On February 27, 2015, BANA filed a Motion to Dismiss, arguing that Plaintiffs' Complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  ECF No. 8.  A hearing on that motion was set for July 16, 2015, at 1:30 p.m.  ECF No. 14.  Pursuant to Civil Local Rule 7-3(a), Plaintiffs' Opposition to the Motion to Dismiss was due on March 13, 2015.  On March 19, 2015, BANA filed a Reply indicating that "BANA has not received any opposition to the Motion to Dismiss."  ECF No. 15 at 1.  However, on March 20, 2015, Plaintiffs filed a Motion to Remand the instant lawsuit to state court.  ECF No. 16.  BANA opposed the motion on April 3, 2015.  ECF No. 18.  Plaintiffs did not file a Reply.

On April 24, 2015, the Court denied Plaintiffs' Motion to Remand, finding that BANA had shown by a preponderance of the evidence that the requirements for diversity jurisdiction were satisfied.  ECF No. 21 at 4-6.  Due to Plaintiffs' failure to oppose BANA's Motion to Dismiss and failure to file a Reply in support of Plaintiffs' Motion to Remand, the Court also issued an Order for Plaintiffs to show cause why this case should not be dismissed for failure to prosecute.  *Id.* at 6.  The Court set a hearing on the Order to Show Cause for May 21, 2015, at 1:30 p.m.  *Id.*

On May 1, 2015, U.S. Bank filed its own Motion to Dismiss under Rule 12(b)(6).  ECF No. 22.  That motion, also set for hearing on July 16, 2015, at 1:30 p.m., did not expressly indicate whether U.S. Bank had joined BANA's Notice of Removal.  *Cf. id.* at 2 n.2 (U.S. Bank joining BANA's request for judicial notice).

## II.   DISCUSSION

### A.  Order to Show Cause/Motions to Dismiss

Pursuant to the Court's Order to Show Cause, Plaintiffs filed a response on May 5, 2015. ECF No. 23.  In that response, Plaintiffs advanced three reasons for their failure to oppose

Case No. 15-CV-00792-LHK
ORDER VACATING HEARING ON ORDER TO SHOW CAUSE, GRANTING MOTION TO DISMISS WITH
LEAVE TO AMEND, AND DENYING REQUESTS FOR RECONSIDERATION

United States District Court
Northern District of California

United States District Court
Northern District of California

1    BANA's Motion to Dismiss: (1) Plaintiffs' counsel did not receive BANA's Motion to Dismiss

2    until after the March 13, 2015 deadline for filing an Opposition due to a purported "glitch" in the

3    ECF system; (2) Plaintiffs' counsel believed that Plaintiffs' Motion to Remand "would override"

4    BANA's pending Motion to Dismiss; and (3) Plaintiffs' counsel believed BANA's Motion to

5    Dismiss to be "not meritorious" and elected to "let the Court decide [the motion] based on the

6    pleadings as they stand." *Id.* at 2.  While the Court appreciates Plaintiffs' counsel's concern that

7    responding to BANA's Motion to Dismiss would have "incur[red] additional costs" to his client,

8    *id.* at 3, the Court's Civil Local Rules require that a plaintiff either oppose a Rule 12(b)(6) motion

9    or file a Statement of Nonopposition, *see* Civ. L. R. 7-3(a)-(b).  In this circuit, a plaintiff's failure

10   to comply with a district court's local rules is grounds for dismissal for failure to prosecute.  *See,*

11   *e.g.*, *Tounget v. Cnty. of Riverside*, 520 F. App'x 556, 557 (9th Cir. 2013) (district court did not

12   abuse its discretion in dismissing action without prejudice because plaintiff had failed to oppose

13   defendant's Rule 12(b)(6) motion); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to

14   follow a district court's local rules is a proper ground for dismissal."); *Villegas v. Harris*, No.

15   5:14-CV-00718 EJD, 2015 WL 537562, at *1 (N.D. Cal. Feb. 6, 2015) ("A plaintiff's failure to

16   file an opposition to a motion to dismiss as required by this district's local rules can constitute

17   grounds for dismissal under Rule 41(b).").  Even if Plaintiffs or their counsel believe that an

18   opposing party's Rule 12(b)(6) motion lacks merit, going forward Plaintiffs are advised to comply

19   with the Court's local rules and file a written response explaining why they believe that to be the

20   case.[1]

21       In light of the foregoing, the Court declines to dismiss Plaintiffs' lawsuit for failure to

22   prosecute and hereby VACATES the hearing on the Order to Show Cause set for May 21, 2015, at

23   1:30 p.m.  However, pursuant to Civil Local Rule 7-1(b), the Court hereby GRANTS BANA's

24

25       [1] The Court also notes that although Plaintiffs allude in their Motion to Remand to the fact
     that BANA had filed a dismissal motion, *see* ECF No. 16 at 2 ("Now is not the time to determine
26   the merits of Defendants' dismissal arguments."), Plaintiffs never offer any explanation in their
     Motion to Remand as to why Plaintiffs failed to oppose or otherwise respond to BANA's motion.
27   There is no mention, for example, of the alleged computer glitch.

3

28   Case No. 15-CV-00792-LHK
     ORDER VACATING HEARING ON ORDER TO SHOW CAUSE, GRANTING MOTION TO DISMISS WITH
     LEAVE TO AMEND, AND DENYING REQUESTS FOR RECONSIDERATION

1    Motion to Dismiss with leave to amend and VACATES the hearing on BANA's Motion to

2    Dismiss set for July 16, 2015, at 1:30 p.m.  As the Court is allowing Plaintiffs to file an amended

3    Complaint, the Court hereby DENIES as moot U.S. Bank's Motion to Dismiss and VACATES the

4    hearing on U.S. Bank's Motion to Dismiss set for July 16, 2015, at 1:30 p.m.  The initial case

5    management conference set for that date and time remains as set.

6          Plaintiffs are hereby on notice of the alleged deficiencies with their Complaint that

7    Defendants have identified in their Motions to Dismiss.  *See* ECF Nos. 8, 22.  Should Plaintiffs

8    elect to file an amended Complaint, Plaintiffs shall do so within thirty (30) days of the date of this

9    Order.  Failure to meet the thirty-day deadline to file an amended Complaint or failure to cure the

10   deficiencies identified by Defendants in their Motions to Dismiss will result in a dismissal with

11   prejudice of Plaintiffs' claims.  Plaintiffs may not add new causes of action or parties without

12   leave of the Court or stipulation of the parties pursuant to Rule 15 of the Federal Rules of Civil

13   Procedure.

14   **B.  Requests for Reconsideration**

15         Furthermore, Plaintiffs have asked the Court to reconsider its ruling denying Plaintiffs'

16   Motion to Remand and request for fees and costs.  ECF No. 23 at 7-9.  The Court will treat

17   Plaintiffs' requests as a Motion for Leave to File a Motion for Reconsideration pursuant to Civil

18   Local Rule 7-9, which provides three grounds for reconsideration of an interlocutory order:

19       (1) That at the time of the motion for leave, a material difference in fact or law
20       exists from that which was presented to the Court before entry of the interlocutory
         order for which reconsideration is sought.  The party also must show that in the
21       exercise of reasonable diligence the party applying for reconsideration did not
         know such fact or law at the time of the interlocutory order; or

22       (2) The emergence of new material facts or a change of law occurring after the time
         of such order; or
23

24       (3) A manifest failure by the Court to consider material facts or dispositive legal
         arguments which were presented to the Court before such interlocutory order.

25   Whether to grant leave to file under Rule 7-9 is committed to the Court's sound discretion.  *See*

26   *Montebueno Mktg., Inc. v. Del Monte Corp.-USA*, 570 F. App'x 675, 676 (9th Cir. 2014).

27

28   Case No. 15-CV-00792-LHK
     ORDER VACATING HEARING ON ORDER TO SHOW CAUSE, GRANTING MOTION TO DISMISS WITH
     LEAVE TO AMEND, AND DENYING REQUESTS FOR RECONSIDERATION

United States District Court
Northern District of California

Having reviewed Plaintiffs' submissions, applicable law, and the record in this case, the Court hereby DENIES Plaintiffs' requests because Plaintiffs have made no showing that any of the three bases for reconsideration has been satisfied.  For the reasons stated in the Court's order denying Plaintiffs' Motion to Remand, BANA has shown by a preponderance of the evidence that (1) there is complete diversity among the parties and (2) the amount in controversy exceeds $75,000 exclusive of interest and costs.  ECF No. 21 at 4-6.  Plaintiffs do not argue otherwise. What arguments Plaintiffs do make go to the merits of their quiet title action.  *See* ECF No. 23.

**C.  Joinder in Removal**

Lastly, it is well established that 28 U.S.C. § 1446 "requires all proper defendants to join or consent to the removal notice."  *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999); *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998) ("All defendants must join a notice of removal . . . .").  Although U.S. Bank's filing of a dismissal motion suggests that it consents to this Court's removal jurisdiction, U.S. Bank has never formally joined BANA's Notice of Removal.  Consequently, the Court hereby ORDERS Defendants to file a statement within seven (7) days of the date of this Order indicating whether U.S. Bank joins in BANA's Notice of Removal.  *See Destfino v. Reiswig*, 630 F.3d 952, 956-57 (9th Cir. 2011) ("If [all defendants have not joined in removal] when the notice of removal is filed, the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment.").  Doing so is proper because, as the Ninth Circuit has explained, "a procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court."  *Parrino*, 146 F.3d at 703; *accord Soliman v. Philip Morris Inc.*, 311 F.3d 966, 970 (9th Cir. 2002).

**IT IS SO ORDERED.**

Dated: May 5, 2015

_____
LUCY H. KOH
United States District Judge

5

Case No. 15-CV-00792-LHK
ORDER VACATING HEARING ON ORDER TO SHOW CAUSE, GRANTING MOTION TO DISMISS WITH
LEAVE TO AMEND, AND DENYING REQUESTS FOR RECONSIDERATION