UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BROCK WILLIAMS, et al., | Case No. 15-CV-00792-LHK |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH PREJUDICE** |
| v. | |
| BANK OF AMERICA NATIONAL ASSOCIATION, et al., | Re: Dkt. Nos. 28, 30 |
| Defendants. | |

Plaintiffs Brock Williams and Sylvia Williams ( "Plaintiffs") sued to quiet title against Defendants Bank of America, N.A. ("BANA") and U.S. Bank National Association, as Trustee for Resident Accredit Loans Inc. Series 2006 QS2 ("U.S. Bank") (collectively, "Defendants"). Before the Court are Defendants' Motions to Dismiss Plaintiffs' First Amended Complaint ("FAC"). ECF Nos. 28, 30. Having considered the parties' submissions, the relevant law, and the record in this case, the Court hereby GRANTS Defendants' Motions to Dismiss with prejudice.

## I.      BACKGROUND

### A.  Factual Background

On December 15, 2005, Plaintiffs purchased the real property located at 940 College Drive, San Jose, California 95128 (the "Property"), via a grant deed recorded against the Property

1    on January 4, 2006, as instrument number 18754844.  FAC ¶¶ 12-13, Ex. A.  The purchase was

2    financed by a first deed of trust (the "First Deed of Trust") and a second deed of trust, both

3    recorded in favor of American Mortgage Express Corp.  ECF No. 29-1, Exs. 1-2.  The second

4    deed of trust was reconveyed on November 17, 2006.  *Id.* Ex. 3.  This reconveyance was recorded

5    against the Property on November 21, 2006.  *Id.*

6        On November 6, 2006, Plaintiffs refinanced the Property by obtaining a home equity line

7    of credit from BANA in the amount of $200,000 (the "Loan").  FAC ¶ 14, Ex. B.  The Loan was

8    secured by a deed of trust (the "Loan Deed of Trust") recorded against the Property by the Santa

9    Clara County Recorder on September 16, 2008, as instrument number 19989695.  *Id.*  Plaintiffs do

10   not dispute that Plaintiffs obtained the Loan from BANA.  *See generally* FAC.  However,

11   Plaintiffs allege that BANA forged the Loan Deed of Trust, and point to anomalies in the Loan

12   Deed of Trust in order to demonstrate the forgery.  *Id.* ¶¶ 14, 16-17.  For example, Plaintiff Sylvia

13   Williams allegedly did not sign the Loan Deed of Trust, and her signature on the document is

14   allegedly a forgery.  *Id.* ¶ 16f.  Plaintiffs do not allege that Plaintiff Brock Williams's signature on

15   the Loan Deed of Trust is a forgery.  *See generally* FAC.

16       On December 2, 2011, Mortgage Electronic Registration Systems, Inc. ("MERS") (the

17   nominee of American Mortgage Express Corp.) assigned the beneficial interest under the First

18   Deed of Trust to U.S. Bank, as evidenced by an Assignment of Deed of Trust (the "Assignment")

19   recorded in the Official Records of Santa Clara County on December 12, 2011, as instrument

20   number 21454357.  *Id.* ¶ 18, Ex. D.  Plaintiffs allege that the Assignment was ineffective to

21   transfer the First Deed of trust and forged, because: (1) the individual signing on behalf of the

22   nominee MERS was not a MERS employee; (2) American Mortgage Express Corp. was not in

23   business at the time of the assignment; (3) the express terms of the First Deed of Trust prohibited

24   the assignment; and (4) there are anomalies in the signature of the notary public that indicate the

25   signature was forged.  *Id.* ¶¶ 20-24.

26       Non-judicial foreclosure proceedings commenced after Plaintiffs defaulted on the First

27   Deed of Trust in July 2011 by missing their monthly payment.  ECF No. 29-1, Ex. 4.  U.S. Bank

28
                                            2
     Case No. 15-CV-00792-LHK
     ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH PREJUDICE

United States District Court
Northern District of California

United States District Court
Northern District of California

1   issued a Notice of Default and Election to Sell and recorded it in the Official Records of Santa

2   Clara County on December 30, 2011, as instrument number 21481333.  *Id.*  This Notice of Default

3   was rescinded on November 24, 2014.  *Id.* Ex. 5.  On November 13, 2014, a subsequent Notice of

4   Default and Election to Sell Under Deed of Trust (the "NOD") was recorded in the Official

5   Records of Santa Clara County, as instrument number 22767063.  *Id.* Ex. 6.  The NOD lists the

6   amount due under the First Deed of Trust as $151,852.86 as of September 22, 2014.  *Id.*

7         On April 9, 2015, the Loan Deed of Trust was reconveyed (the "Reconveyance"), as

8   recorded in the Official Records of Santa Clary County as instrument number 22912008.  FAC

9   ¶¶ 15-16, Ex. C.  Plaintiffs allege that, despite the Reconveyance, BANA continues to claim an

10   adverse interest in the Property.  *Id.* ¶ 15.  Plaintiffs further allege that the Reconveyance was

11   ineffective to reconvey the Property to Plaintiffs because the Reconveyance lacks specificity.  *Id.*

12   ¶¶ 15-16.  For instance, the Reconveyance allegedly fails to specify on what grounds the legal

13   entitlement to the Reconveyance rests and "fails to name either of the Plaintiffs or even specify the

14   number of persons to whom said reconveyance applies to forgive any debt."  *Id.*  Thus, according

15   to Plaintiffs, the Property remains encumbered by the forged Loan Deed of Trust.

16         Plaintiffs seek to quiet title to the Property.  *Id.* ¶ 25-29.  Plaintiffs further seek the

17   cancellation of the Loan Deed of Trust and the Assignment, which Plaintiffs claim were

18   wrongfully recorded.  *Id.* ¶¶ 31, 37.  Plaintiffs do not seek cancellation of the First Deed of Trust.

19     **B.  Procedural History**

20         On January 14, 2015, Plaintiffs, who are represented by counsel, filed this action to quiet

21   title in Santa Clara County Superior Court.  ECF No. 1-1.  On February 20, 2015, BANA removed

22   the case to federal court.  ECF No. 1.  On February 27, 2015, BANA filed a Motion to Dismiss.

23   ECF No. 8.  Plaintiffs did not file an Opposition or Statement of Non-Opposition.  On March 19,

24   2015, BANA filed a Reply indicating that "BANA has not received any opposition to the Motion

25   to Dismiss."  ECF No. 15 at 1.

26         On March 20, 2015, Plaintiffs, still represented by counsel, filed a Motion to Remand the

27   case to state court.  ECF No. 16.  BANA opposed the motion on April 3, 2015.  ECF No. 18.

28

Case No. 15-CV-00792-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH PREJUDICE

1    Plaintiffs did not reply.  On April 24, 2015, the Court denied the Motion to Remand based on the

2    existence of diversity jurisdiction.  ECF No. 21 ("Remand Order").  In light of Plaintiffs' failure to

3    oppose BANA's Motion to Dismiss and to file a reply in support of Plaintiffs' Motion to Remand,

4    the Court also ordered Plaintiffs to show cause why the case should not be dismissed for failure to

5    prosecute.  *Id.* at 6.

6           On May 1, 2015, U.S. Bank filed a Motion to Dismiss.  ECF No. 22.  On May 5, 2015,

7    Plaintiffs responded to the Order to Show Cause and requested reconsideration of the Court's

8    Remand Order.  ECF No. 23.  That same day, the Court declined to dismiss Plaintiff's lawsuit for

9    failure to prosecute, granted BANA's Motion to Dismiss with leave to amend, denied U.S. Bank's

10   Motion to Dismiss as moot, and denied Plaintiffs' Request for Reconsideration of the Remand

11   Order.  ECF No. 24.

12          On June 4, 2015, Plaintiffs filed the FAC.  ECF No. 26.  The FAC includes two counts:

13   quiet title against Defendants under California Code of Civil Procedure § 760.010, and

14   cancellation of instruments under California Civil Code § 3412.  *Id.* ¶ 1.  BANA moved to dismiss

15   the FAC on June 22, 2015.  ECF No. 28 ("BANA Mot.").  BANA filed a Request for Judicial

16   Notice in support of its Motion to Dismiss.  ECF No. 29.  Also on June 22, 2015, U.S. Bank

17   moved to dismiss the FAC and joined BANA's Request for Judicial Notice.[1]  ECF No. 30 ("U.S.

18   Bank Mot.").

19          Plaintiffs opposed BANA's Motion to Dismiss on July 6, 2015.  ECF No. 32.[2]  Plaintiffs

20

21   _____

22   [1] The Court GRANTS BANA's and U.S. Bank's unopposed Request for Judicial Notice.  ECF No.
     29-1; ECF No. 30 at 2 n.2.  The Court may take notice of facts not subject to reasonable dispute
     that are "capable of accurate and ready determination by resort to sources whose accuracy cannot
23   reasonably be questioned."  Fed. R. Evid. 201(b).  BANA and U.S. Bank request judicial notice of
     certain documents recorded in the Official Records of Santa Clara County.  These documents are
24   appropriate for judicial notice.  *See Lee v. City of L.A.*, 250 F.3d 668, 689-90 (9th Cir. 2001)
     (noting that courts may take judicial notice of matters of public record), *overruled on other*
25   *grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002).
     [2] Plaintiffs filed two oppositions to BANA's Motion to Dismiss, one on July 6, 2015, ECF No. 32,
26   and one on July 7, 2015, ECF No. 34.  Plaintiffs do not provide any explanation for the two filings
     and the documents appear to be the same.  For the purposes of evaluating BANA's Motion to
27   Dismiss, the Court looks to the opposition filed on July 6, 2015, as that was Plaintiffs' deadline to
     file.  *See* ECF No. 28 (setting briefing schedule).

28   _____
     4
     Case No. 15-CV-00792-LHK
     ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH PREJUDICE

United States District Court
Northern District of California

1   opposed U.S. Bank's Motion to Dismiss on July 7, 2015, one day after the Opposition was due.

2   ECF No. 33.  U.S. Bank filed a Reply on July 10, 2015.  ECF No. 35 ("U.S. Bank Reply").

3   BANA filed a Reply on July 13, 2015.  ECF No. 36.

4   **II.    LEGAL STANDARD**

5         **A.  Rule 12(b)(1) Subject Matter Jurisdiction**

6         A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant

7   to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  "The party asserting federal subject

8   matter jurisdiction bears the burden of proving its existence." *Chandler v. State Farm Mut. Auto*

9   *Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).  The party carries that burden by putting forth "the

10   manner and degree of evidence required" by whatever stage of the litigation the case has reached.

11   *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

12         **B.  Rule 12(b)(b) Motion to Dismiss**

13         Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a

14   short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint

15   that fails to meet this standard may be dismissed pursuant to Rule 12(b)(6).  Rule 8(a) requires a

16   plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

17   *Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff

18   pleads factual content that allows the court to draw the reasonable inference that the defendant is

19   liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility

20   standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a

21   defendant has acted unlawfully." *Id.*

22         For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations

23   in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving

24   party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  The

25   Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see*

26   *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's

27   complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion

28   

United States District Court
Northern District of California

5

Case No. 15-CV-00792-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH PREJUDICE

United States District Court
Northern District of California

1   for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995).  Nor must the

2   Court "assume the truth of legal conclusions merely because they are cast in the form of factual

3   allegations."  *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam).  Mere

4   "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to

5   dismiss."  *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

6   ### C.  Leave to Amend

7   If the court concludes that the complaint should be dismissed, it must then decide whether

8   to grant leave to amend.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to

9   amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose

10  of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or

11  technicalities."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citation omitted).

12  Nonetheless, a district court may deny leave to amend a complaint due to "undue delay, bad faith

13  or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

14  previously allowed, undue prejudice to the opposing party by virtue of allowance of the

15  amendment, [and] futility of amendment."  *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d

16  522, 532 (9th Cir. 2008).

17  ### I.   DISCUSSION

18  Defendants move to dismiss both Plaintiffs' quiet title and cancellation of instruments

19  claims.  U.S. Bank also challenges Plaintiffs' standing to bring either claim against U.S. Bank.

20  The Court addresses Plaintiffs' standing first, followed by the quiet title and cancellation of

21  instruments claims.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-95 (1998)

22  (explaining that Article III jurisdiction must be established "as a threshold matter"); *see also Vt.*

23  *Agency of Natural Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 771 (2000) ("We first address the

24  jurisdictional question whether respondent Stevens has standing under Article III of the

25  Constitution to maintain this suit.").

26  ### A.  Standing

27  U.S. Bank contends that Plaintiffs cannot challenge any defects in the Assignment, and

28  
6
Case No. 15-CV-00792-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH PREJUDICE

United States District Court
Northern District of California

1    thus cannot bring either a quiet title or cancellation of instruments claim against U.S. Bank.  U.S.

2    Bank Mot. at 6-7; U.S. Bank Reply at 3.  U.S. Bank first frames this argument as a lack of

3    cognizable claim, U.S. Bank Mot. at 6-7, and then as a lack of standing, *see* U.S. Bank Reply, at 3.

4    Because Article III standing must be established "as a threshold matter," the Court examines U.S.

5    Bank's standing argument even though it was first clearly made in U.S. Bank's reply brief.  *See*

6    *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam) (courts do not generally

7    consider matters "not specifically and distinctly raised and argued in the opening brief"); *Steel*

8    *Co.*, 523 U.S. at 93-95 (Article III standing is a "threshold jurisdictional question"); *cf. Wood v.*

9    *City of San Diego*, 239 Fed. App'x 310, 310 (9th Cir. 2007) (district courts may sua sponte raise

10   and examine standing).

11          To establish Article III standing, "a plaintiff must show (1) it has suffered an 'injury in

12   fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or

13   hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is

14   likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."

15   *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)

16   (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).  A suit brought by a plaintiff

17   without Article III standing is not a "case or controversy," and an Article III federal court

18   therefore lacks subject matter jurisdiction over the suit.  *Steel Co.*, 523 U.S. at 93-95.  In that case,

19   the suit should be dismissed under Federal Rule of Civil Procedure 12(b)(1).  *See id.* at 109-10.

20          Plaintiffs' quiet title and cancellation of instruments claims against U.S. Bank are premised

21   on the theory that the Assignment was ineffective in transferring ownership of the First Deed of

22   Trust.  FAC ¶¶ 20-21.  For each of these claims, Plaintiffs bring an action as borrowers, and assert

23   three injuries arising from the defective Assignment: a cloud on their title, possible forced sale of

24   the Property, and future difficulty in selling the Property due to U.S. Bank's lien.  *Id.* ¶¶ 38-39.

25   U.S. Bank moves to dismiss these causes of action because Plaintiffs lack standing.  Reply at 3.

26   Specifically, U.S. Bank asserts that Plaintiffs do not allege an injury in fact because there is no

27   prejudice to Plaintiffs from any defects in the Assignment.  *Id.*

28
7
Case No. 15-CV-00792-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH PREJUDICE

1    The Court agrees with U.S. Bank. "Third-party borrowers lack standing to assert problems

2    in the assignment of the loan" because the borrowers have not suffered an injury in fact. *Flores v.*

3    *GMAC Mortg., LLC*, No. 12- 00794 SI, 2013 WL 2049388, at \*3 (N.D. Cal. May 14, 2013); s*ee*

4    *also Jenkins v. JP Morgan Bank, N.A.*, 216 Cal. App. 4th 497, 513-14 (Ct. App. 2013) (noting

5    there is no actual controversy between the parties because the assignment "merely substituted one

6    creditor for another, without changing [the plaintiff's] obligations under the note"); *Fontenot v.*

7    *Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (Ct. App. 2011).  Assignment defects do not

8    injure borrowers because "[e]ven if there were some defect in the [subsequent] assignment of the

9    deed of trust, that assignment would not have changed plaintiff's payment obligations." *Simmons*

10   *v. Aurora Bank, FSB*, No. 13-00482 HRL, 2013 WL 5508136, at \*2 (N.D. Cal. Sept. 30, 2013);

11   *see also Apostol v. CitiMortgage, Inc.*, No. 13-01983 WHO, 2013 WL 6328256, at \*7-8 (N.D.

12   Cal. Nov. 21, 2013); *Siliga v. Mortg. Elec. Registration Sys., Inc.*, 219 Cal. App. 4th 75, 85 (Ct.

13   App. 2013) ("The assignment of the deed of trust and the note did not change [Plaintiffs']

14   obligations under the note, and there is no reason to believe that . . . the original lender would have

15   refrained from foreclosure in these circumstances.").

16   Here, Plaintiffs have failed to specify an injury "fairly traceable to the challenged action of

17   the defendant." *See Laidlaw*, 528 U.S. at 180.  Plaintiffs do not challenge the First Deed of Trust.[3]

18   *See generally* FAC; ECF No. 33, at 4 (Plaintiffs agree that "even if the assignment were invalid,

19   that would not somehow justify cancelling the underlying deed of trust.  It would simply mean that

20   some entity other than US Bank currently has the beneficial interest in the deed of trust").

21   Because Plaintiffs' obligation to repay the First Deed of Trust is unaffected by any assignment

22

23   [3] In their opposition to U.S. Bank's Motion to Dismiss, Plaintiffs state that "Plaintiffs have clearly
     alleged that the Assignment of Deed of Trust is a forgery & the [sic] with the note and deed of
24   trust being bifurcated, the deed of trust is a nullity." ECF No. 33, at 3.  However, the FAC does
     *not* allege that the note and deed of trust are bifurcated or that the First Deed of Trust is a nullity.
25   *See generally* FAC.  Plaintiffs do not allege that the First Deed of Trust is a forgery.  Moreover,
     Plaintiffs make no substantive argument that the allegedly forged Assignment invalidates the First
26   Deed of Trust. *See generally* ECF No. 33.  In fact, Plaintiffs do not deny that they owe money on
     the First Deed of Trust and "fully agree" that "even if the assignment were invalid, that would not
27   somehow justify cancelling the underlying deed of trust.  It would simply mean that some entity
     other than US Bank currently has the beneficial interest in the deed of trust." *Id.* at 4.

28
     Case No. 15-CV-00792-LHK
     ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH PREJUDICE

United States District Court
Northern District of California

8

1    defects, Plaintiffs' alleged injuries—the cloud on the title, possible foreclosure, and the lien on the

2    Property—remain unchanged by the alleged defects in the Assignment.  *See Moran v. GMAC*

3    *Mortg., LLC*, No. 5:13-CV-04981-LHK, 2014 WL 3853833, at *4-6 (N.D. Cal. Aug. 5, 2014).

4    Therefore, even if U.S. Bank forged the Assignment, "the true victim was not [Plaintiffs] but the

5    original lender, which would have suffered the unauthorized loss" of the promissory note.

6    *Fontenot*, 198 Cal. App. 4th at 272.  Regardless of who holds the beneficial interest on the First

7    Deed of Trust, Plaintiffs remain obligated to repay the First Deed of Trust and thus are not harmed

8    by the alleged defects in the Assignment.  *See Flores*, 2013 WL 2049388, at *3 ("Since an

9    assignment merely substituted one creditor for another, without changing [the plaintiff's]

10   obligations under the note, the borrower was not harmed even were there some defect in the

11   manner in which the loan was assigned." (alteration in original)).  Consequently, Plaintiffs have

12   not alleged an injury in fact, and lack standing to challenge the alleged irregularities in the

13   Assignment.  *See id.*

14        Because Plaintiffs' quiet title and cancellation of instruments claims against U.S. Bank are

15   based on the alleged defects in the Assignment, the Court concludes that Plaintiffs lack standing to

16   bring these claims against U.S. Bank.  *See Moran*, 2014 WL 3853833, at *4-6 (finding the

17   plaintiff lacked standing to challenge defects in assignment of the deed of trust and dismissing

18   claims arising out of alleged assignment defects, including quiet title and cancellation of

19   instruments claims); *Apostol*, 2013 WL 6328256, at *7-8.  This defect is a legal one that cannot be

20   cured by additional factual allegations.  Thus, leave to amend would be futile.  The Court

21   GRANTS with prejudice U.S. Bank's Motion to Dismiss Plaintiffs' quiet title and cancellation of

22   instruments claims for lack of standing.  *See Moran*, 2014 WL 3853833, at *6.

23        **B. Quiet Title**

24        "Apart from standing, the Court now identifies additional and independent reasons to

25   dismiss" Plaintiffs' quiet title claim against U.S. Bank.  *Id.* at *7.  In addition to addressing the

26   alternative reasons for dismissing the claims against U.S. Bank, the Court also considers

27   Plaintiffs' quiet title claim against BANA.  The Court will then turn to Plaintiffs' cancellation of

28

United States District Court
Northern District of California

9

Case No. 15-CV-00792-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH PREJUDICE

1    instruments claim against BANA.

2          BANA and U.S. Bank both argue that Plaintiffs fail to plead the essential elements of a

3    quiet title claim.  BANA Mot. at 5-8; U.S. Bank Mot. at 4-5.  BANA further claims that Plaintiffs'

4    quiet title claim is barred by the statute of limitations and that Plaintiffs have failed to show that

5    the Loan Deed of Trust is a forgery.  BANA Mot. at 9-10.  Because the Court finds below that

6    Plaintiffs have not sufficiently alleged a quiet title claim, the Court need not address BANA's

7    remaining arguments.

8          Under California law, a quiet title action must include:  (1) a description of the property in

9    question; (2) the basis for Plaintiffs' title; (3) the adverse claims to Plaintiffs' title; (4) the date as

10   of which the determination is sought; and (5) a prayer for the determination of the title of the

11   plaintiff against the adverse claims.  Cal. Code Civ. Proc. § 761.020.  BANA contends that

12   Plaintiffs fail to allege the third element, an adverse claim.  U.S. Bank argues that Plaintiffs have

13   failed to allege the second element, the basis for Plaintiffs' title.  The Court addresses these

14   arguments in turn.

15         **1.  Adverse Claims to Plaintiffs' Title**

16         Plaintiffs argue that BANA claims an adverse interest in the Property under the allegedly

17   forged Loan Deed of Trust.  BANA disputes that the Loan Deed of Trust is a forgery.  BANA also

18   argues that, whatever interest the Loan Deed of Trust purported to convey, BANA reconveyed the

19   Loan Deed of Trust to Plaintiffs and thus has no adverse claim to Plaintiffs' title.

20         The Court agrees that BANA has no adverse claim to Plaintiffs' title.  "[T]here is no

21   entitlement to a judgment quieting title insofar as there is no antagonistic property interest."

22   *Friends of the Trails v. Blasius*, 78 Cal. App. 4th 810, 831 (Ct. App. 2000).  As evidenced by the

23   Reconveyance, BANA has no antagonistic interest in the Property.  FAC Ex. C.  Specifically,

24   BANA concedes that the Reconveyance "reconveys BANA's lien against the Property and reflects

25   that the balance of Plaintiffs' Loan was forgiven by BANA."  BANA Mot. at 7.  Plaintiffs

26   acknowledge that "BANA has admitted that they have no interest in the Plaintiffs' Property."

27   ECF No. 32, at 3.  Thus, there is no controversy between Plaintiffs and BANA.  Both parties agree

28
                                                    10
     Case No. 15-CV-00792-LHK
     ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH PREJUDICE

United States District Court
Northern District of California

1    that BANA has no interest in the Property. *See Friends of the Trails*, 78 Cal. App. 4th at 831

2    (denying relief against easement owner was proper when the easement owner had no interest

3    adverse to the plaintiffs).

4        In this lawsuit, Plaintiffs seek exactly what BANA has conceded and the Reconveyance

5    demonstrates—namely, that Plaintiffs own the Property free of the Loan Deed of Trust.  In

6    opposition to BANA's motion to dismiss, however, Plaintiffs reject BANA's concession and the

7    Reconveyance to argue that BANA retains an interest in the Property.  ECF No. 32, at 2, 5.  It is

8    not clear to the Court why Plaintiffs would advance this argument, as Plaintiffs' goal in this

9    litigation is for the Court to cancel any interest that BANA has in the Property.  *See* FAC at 10.  If

10   BANA has no interest in the Property, as BANA concedes and the Reconveyance demonstrates,

11   then there is no need for Plaintiffs to get a Court order cancelling BANA's interest.  Although it

12   appears to be against Plaintiffs' interest to argue that BANA retains an interest in the Property,

13   Plaintiffs offer two reasons that BANA retains an interest: (1) BANA previously conceded it had

14   an interest in the Property upwards of $200,000, and (2) the Reconveyance was ineffective.  FAC

15   ¶¶ 15-16; ECF No. 32, at 2, 5.  The Court will address these arguments in turn.

16       First, Plaintiffs argue that, during the course of this litigation, BANA conceded an interest

17   in the Property and claimed upwards of a $200,000 interest against Plaintiffs.  ECF No. 32, at 2, 5.

18   However, Plaintiffs are confusing BANA's interest in the Property with BANA's demonstration of

19   the amount in controversy for the purposes of diversity jurisdiction.  The amount in controversy is

20   determined by the "value of the object in litigation"—here, the value of the Property.  *See* Remand

21   Order at 5.  In the Notice of Removal, BANA did not, as Plaintiffs claim, "admit[] it had a

22   $200,000 adverse claim regarding the subject property."  ECF No. 32, at 5.  Rather, BANA

23   represented that the Property itself was worth over $75,000 and thus the case satisfied the

24   requirements for diversity jurisdiction.  *See* Remand Order at 5-6 (concluding that BANA

25   demonstrated by a preponderance of the evidence that the amount in controversy was over

26   $75,000).  Moreover, there is no dispute that Plaintiffs obtained a loan from BANA in the amount

27   of $200,000.  *Id.*  BANA's past interest in the Property, however, does not demonstrate that

28
                                                    11
     Case No. 15-CV-00792-LHK
     ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH PREJUDICE

United States District Court
Northern District of California

1    BANA retained an interest in the Property after the Reconveyance.

2           Second, Plaintiffs allege that the Reconveyance was ineffective because it fails to specify

3    on what grounds the legal entitlement to the Reconveyance rests and "fails to name either of the

4    Plaintiffs or even specify the number of persons to whom said reconveyance applies to forgive any

5    debt." FAC ¶¶ 15-16.  As BANA explains, Plaintiffs misunderstand the Reconveyance.  BANA

6    Mot. at 7.  The Reconveyance specifically names both Plaintiffs as trustors of the Loan Deed of

7    Trust, "dated 11/06/2006 and recorded on 09/16/2008, as Instrument or Document Number

8    19989696." FAC Ex. C.  The Reconveyance substitutes a trustee, who "does hereby reconvey,

9    without warranty, to the person or persons legally entitled thereto, the estate now held by Trustee"

10   under the Loan Deed of Trust.  *Id.*  Accordingly, the Reconveyance is not vague, but specifically

11   reconveys BANA's lien against the Property.  The Reconveyance was recorded, so individuals

12   examining Plaintiffs' chain of title will be aware of the Reconveyance.  *See id.*  Although the

13   Court accepts the allegations in the complaint as true, the Court need not "accept as true

14   allegations that contradict exhibits attached to the Complaint."  *Daniels-Hall v. Nat'l Educ. Ass'n*,

15   629 F.3d 992, 998 (9th Cir. 2010).  The Reconveyance, attached to the FAC as Exhibit C,

16   demonstrates that BANA reconveyed its interest in the Property to Plaintiffs.  Thus, BANA has no

17   antagonistic interest in the Property.  *See Friends of the Trails*, 78 Cal. App. 4th at 831.

18          Accordingly, the Court finds that Plaintiff cannot state a quiet title claim against BANA.

19   *See id.*  Moreover, the Court finds that amendment would be futile, given that Plaintiffs attached

20   the Reconveyance to the FAC and acknowledge BANA's admission that the Reconveyence

21   reconveyed BANA's lien.  *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of

22   amendment can, by itself, justify the denial of a motion for leave to amend.").  Accordingly, the

23   Court GRANTS BANA's Motion to Dismiss Plaintiffs' quiet title claim with prejudice.  *See*

24   *Leadsinger*, 512 F.3d at 532.

25          **2.   The Basis for Plaintiffs' Title**

26          U.S. Bank contends that Plaintiffs cannot state a quiet title claim because Plaintiffs have

27   not paid or offered to pay the amount outstanding on the First Deed of Trust, which is the deed

United States District Court
Northern District of California

28

12

Case No. 15-CV-00792-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH PREJUDICE

1    underlying the Assignment.  "A basic requirement of an action to quiet title is an allegation that

2    plaintiffs 'are the rightful owners of the property, i.e., that they have satisfied their obligations

3    under the Deed of Trust.'"  *Santos v. Countrywide Home Loans*, No. Civ. 2:09-02642, 2009 WL

4    3756337, at *4 (E.D. Cal. Nov.6, 2009) (quoting *Kelley v. Mortgage Elec. Reg. Sys., Inc.*, 642 F.

5    Supp. 2d 1048, 1057 (N.D. Cal. 2009); *see also Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477-78

6    (Cal. Ct. App. 1974) ("The cloud upon [the mortgagor's] title persists until the debt is paid.  He

7    . . . cannot clear his title without satisfying his debt." (internal citations omitted)).  Accordingly,

8    under California law, a borrower may not assert an action to quiet title against a mortgagee

9    without first paying the outstanding debt on the property.  *See Miller v. Provost*, 33 Cal. Rptr. 2d

10   288, 290 (Cal. Ct. App. 1994) ("[A] mortgagor of real property cannot, without paying his debt,

11   quiet his title against the mortgagee.") (internal citation omitted).

12          Plaintiffs have not alleged that they have paid or offered to pay the First Deed of Trust,

13   which is the deed of trust underlying the Assignment. *See generally* FAC.  As discussed above,

14   the FAC includes no allegations challenging the validity of the First Deed of Trust. *Id.*  Thus,

15   Plaintiffs have not demonstrated that they are the "rightful owners of the property" or that they

16   deserve the requested declaration that Plaintiffs own the Property in fee simple. *See Karimi v.*

17   *GMAC Mortg.*, No. 11-CV-00926-LHK, 2011 WL 3360017, at *4 (dismissing quiet title claim

18   when the plaintiff failed to allege that the plaintiff had satisfied the outstanding debt on the

19   property); *Kelley*, 642 F. Supp. 2d at 1057 (same).

20          In the first Motion to Dismiss in this case, U.S. Bank argued that Plaintiffs failed to state a

21   quiet title claim because Plaintiffs failed to allege that they had paid the outstanding debt on the

22   Property.  ECF No. 22, at 4-5; s*ee also* ECF No. 8, at 4-5 (BANA making the same argument).  In

23   granting BANA's Motion to Dismiss, the Court found that Plaintiffs were "on notice of the

24   alleged deficiencies with their Complaint that Defendants have identified."  ECF No. 24, at 4.

25   Plaintiffs' failure to plead new facts addressing the payment of the First Deed of Trust is "a strong

26   indication that the plaintiffs have no additional facts to plead."  *Zucco Partners, LLC v. Digimarc*

27   *Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009).  The Court therefore concludes that further amendment

28
                                                    13

United States District Court
Northern District of California

1    would be futile.  Thus, in addition to Plaintiffs' lack of standing, the Court also GRANTS U.S.

2    Bank's Motion to Dismiss Plaintiffs' quiet title claim with prejudice on the grounds that Plaintiffs

3    have failed to state a claim.  *See Leadsinger*, 512 F.3d at 532.

4         **C. Cancellation of Instruments**

5         BANA argues that the cancellation of instruments claim fails because it is not an

6    independent basis for liability.  As a preliminary matter, the Court notes that Plaintiffs make no

7    substantive response to BANA's (or U.S. Bank's) arguments on the cancellation of instruments.

8    In fact, the only mention of Plaintiffs' cancellation of instruments claims in Plaintiffs' oppositions

9    to the Motions to Dismiss is to "request that this Court grant the following relief" including that

10   "the purported [Loan] Deed of Trust be declared void" and "defendant BANA deliver the

11   purported Deed of Trust immediately to the clerk of the court for cancellation."  ECF No. 32, at 6;

12   ECF No. 33, at 4 (requesting that the Assignment be declared void).  Thus, it appears that

13   Plaintiffs abandoned this claim.  *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, 586 F. Supp. 2d

14   1109, 1131 (N.D. Cal. 2008) (dismissing claim with prejudice when the plaintiffs' opposition did

15   not address the claim or the defendants' arguments); *see also Jenkins v. Cnty. of Riverside*, 398

16   F.3d 1093, 1095 n.4 (9th Cir. 2005) (concluding the plaintiff abandoned two claims by not raising

17   them in opposition to the defendant's motion for summary judgment).

18        Even if Plaintiffs had not abandoned the cancellation of instruments claim, the Court

19   concludes that the claim must be dismissed.  The cancellation of an instrument such as a deed is an

20   equitable remedy and not an independent basis for liability.  *See, e.g.*, *Gwin v. Pac. Coast Fin.*

21   *Servs.*, No. 09cv2734 BTM (BLM), 2010 WL 1691567, at *4 (S.D. Cal. Apr. 23, 2010)

22   ("Cancellation is an equitable remedy."); *Qureshi v. Countrywide Home Loans, Inc.*, No. C 09-

23   4198 SBA, 2010 WL 841669, at *7 (N.D. Cal. Mar.10, 2010) ("A request to cancel a trustee's

24   deed is a request for a remedy as opposed to an independent cause of action.") (citing *Porter v.*

25   *Superior Court*, 73 Cal. App. 3d 793, 799 (Ct. App. 1977)); *Yazdanpanah v. Sacramento Valley*

26   *Mortg. Grp.*, No. C 09-02024 SBA, 2009 WL 4573381, at *6 (N.D. Cal. Dec.1, 2009) ("A request

27   to cancel the trustee's deed is 'dependent upon a substantive basis for liability, [and it has] no

28
                                        14
     Case No. 15-CV-00792-LHK
     ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH PREJUDICE

United States District Court
Northern District of California

separate viability.'" (modification in original) (quoting *Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal. App. 4th 1018, 1023 n. 3 (Ct. App. 2000))).  Because Plaintiffs have not stated a viable quiet title claim, Plaintiffs have no independent basis for liability.  Thus, Plaintiffs cannot state a claim for cancellation of instruments.  *See Qureshi*, 2010 WL 841669, at \*7.

A district court may deny leave to amend a complaint if amendment would be futile.  *See Leadsinger*, 512 F.3d at 532.  Given that the Court is dismissing Plaintiff's quiet title claim against BANA with prejudice, any amendment of Plaintiff's cancellation of instruments claim would be futile.  Additional factual allegations would not change the fact that Plaintiffs cannot state a cancellation of instruments claim independent from a viable quiet title claim, which Plaintiffs do not have.  *See Lopez*, 203 F.3d at 1130 (court may dismiss claim without leave to amend where "pleading could not possibly be cured by the allegation of other facts").  Consequently, the Court GRANTS BANA's Motion to Dismiss the claim for cancellation of instruments with prejudice. *See TFT-LCD*, 586 F. Supp. 2d at 1131; *Leadsinger*, 512 F.3d at 532.

## 3.    CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motions to Dismiss with prejudice.  The Clerk shall close the case file.

**IT IS SO ORDERED.**

Dated:  October 30, 2015

_____

LUCY H. KOH
United States District Judge

15

Case No. 15-CV-00792-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH PREJUDICE